## Littlefield v. Thelin

*Clifford J. Kirvan,* for plaintiff.

*Edward B. Petrillo,* for defendant.

*Joseph A. Massa, Jr.,* for additional defendant.

WOLFE, P.J., September 9, 1974.—And now, to-wit, September 9, 1974, the additional defendant's, Wendell's Sharpening Service and Power Lawnmower Parts, Inc., petition to open and/or strike off judgment by default entered against them by original defend-

ants is before us on argument for disposition. Petitioner's major complaint is that a default judgment was taken against it one day after the expiration of the 20-day period following service and Pa. R. C. P. 2255(c) prohibits the entry of default judgment against the additional defendant.

Our appellate courts are not known to accept "snap judgments": Cherry Steel Corporation v. Ashbourne Country Club, 227 Pa. Superior Ct. 433 (1974). This case upholds the well-known rules for opening a default judgment: namely, the petition to open a judgment must be timely filed, there must be a reasonable excuse or explanation as to why defendant did not answer the complaint, and a defense on the merits must be shown. From a reading of the complaint it appears the case involves product liability issues involving alleged defective material in a lawn mower to which the additional defendant asserts they have a meritorious defense of failure of the original defendants to insert certain bolts in plaintiffs' power mower, causing the blade to fly off as alleged in plaintiffs' complaint. The petition to open was filed July 10, 1974, which, in our opinion, is timely and although there is no direct explanation of why the complaints were not answered, nonetheless, Rule 2254(b) is quite clear that judgment in such manner cannot be entered against the additional defendants.

For these reasons, we enter the following order:

## ORDER

And now, September 9, 1974, the petition of the additional defendant, Wendell's Sharpening Service and Power Lawnmower Parts, Inc. to open default judgment taken against them is granted and they shall file answer, if they so desire, against the complaint within 20 days from the date hereof.